Filed 7/16/24  In re T.A. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re T.A., et al., Persons Coming Under the Juvenile Court Law. | B325535 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRAVIS A.,<br><br>    Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP01880A, B) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen C. Marpet, Juvenile Court Referee. Dismissed as moot.

Richard L. Knight, under appointment by the Court of Appeal, Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel for Plaintiff and Respondent.

————————————

Travis A., father of T.A. and C.A. (Father), challenges the juvenile court's findings and order on a Welfare and Institutions Code[1] section 387 petition for a more restrictive placement. We dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2021, the Department of Children and Family Services (DCFS) filed a petition alleging T.A. and C.A. were subject to the jurisdiction of the juvenile court pursuant to section 300, subdivisions (b)(1) and (c), due to parental emotional abuse and Father's substance abuse. In a negotiated disposition, Father pleaded no contest to the section 300, subdivision (b)(1) allegations that he emotionally abused the children and endangered them by his marijuana abuse. The court declared the children dependents of the juvenile court pursuant to section 300, subdivision (b).

Initially, the juvenile court ordered the children home of parents. However, in May 2022, the children were removed from Father and a section 387 supplemental petition for a more restrictive placement was filed due to Father's continued verbal aggression against the children. After a hearing, the juvenile court found true the allegation in the supplemental petition, found the previous disposition had been ineffective in protecting the children, and modified the children's placement to home of mother, Nicole P. (Mother), with monitored visitation for Father. Father appeals.

---

[1] All statutory references are to the Welfare and Institutions Code.

2

## DISCUSSION

Father appeals the juvenile court's order at the hearing on the section 387 petition placing the children with their mother and awarding him monitored visits. Father argues insufficient evidence supported the court's finding that the previous dispositional orders were ineffective in protecting the children and its findings justifying removal. However, more recently, the juvenile court terminated dependency jurisdiction with an exit order awarding sole physical custody to Mother, joint legal custody to both parents, and monitored visits for Father.[2] There is no indication that Father, or any other party, appealed from the exit order, and the time to do so has expired. (See Cal. Rules of Court, rule 8.406(a)(1).) DCFS contends this renders the appeal moot, and we agree.

Father argues the appeal is not moot based on his belief that if we were to reverse the findings and orders on the petition for a more restrictive placement, the matter "would be remanded to the family court with instructions to change the Custody Order so that it grants both [parents] joint physical and legal custody" of the children. This is not the case. Reversing the findings and orders on the section 387 petition "could not deliver the desired relief—namely, a change in custody and/or visitation. Even after

---

[2] We grant County Counsel's request that we take judicial notice of the juvenile court's March 20 and 27, 2023, minute orders and the juvenile custody order entered March 27, 2023. (Evid. Code, §§ 452, 459, subd. (a); *In re M.B.* (2022) 80 Cal.App.5th 617, 627 ["postjudgment evidence may, in appropriate cases, be considered to determine whether an issue on appeal is moot"].) We decline to take judicial notice of the remaining document in the request for judicial notice, Exhibit 1, as it is unnecessary for the resolution of the appeal.

such reversal, the more recent custody and visitation terms contained in the exit order would govern. To effect an actual change in custody and visitation rights, the appellate court would need to reverse the juvenile court's last word on custody and/or visitation—the exit order terminating jurisdiction on those terms—which . . . the appellate court does not have the power to do if that order has not been appealed." (*In re S.G.* (2021) 71 Cal.App.5th 654, 666–667.) Therefore, even if the juvenile court erred in finding that the original dispositional order was ineffective in protecting the children or in finding that the children would be at substantial risk if they were not removed from Father's custody, there would be no effective relief for us to grant. (*In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"]); *In re D.P.* (2023) 14 Cal.5th 266, 276 [case is moot when events render it impossible for a court, if deciding the case in the appellant's favor, to grant effective relief].) "[T]he failure of the appellant . . . to appeal an exit order that *both* terminated jurisdiction *and* set forth the final custody and visitation arrangement mooted the appeal from the earlier dispositional order regarding custody and visitation." (*In re S.G.,* at p. 667.)

Father argues that even if the appeal is moot, we should exercise our discretionary authority to consider its merits because "whether courts will continue to not find evidence at the heightened standard before they remov[e] physical custody from their parents" is an issue of broad public interest that is likely to recur. However, the legal standard for removal is clear and well-established, this highly particularized and fact-based ruling does

4

not appear to present any issues of broad public interest likely to recur, and we see no indication of a miscarriage of justice in this case. Father also contends there is "a material question of custody" awaiting court determination, but custody of the children was determined by the juvenile court in the custody and visitation exit order that Father did not appeal. Accordingly, while we acknowledge that "[e]ven when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute" (*In re D.P.*, *supra*, 14 Cal.5th at p. 282), there is no reason to exercise that discretion here and we decline to do so.

## DISPOSITION

The appeal is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

        STRATTON, P. J.

We concur:

    GRIMES, J.

    WILEY, J.

5